## INJURY FROM SLIPPING ON A GREASED STREET RAILWAY RAIL.

Circuit Court of Hamilton County.

THE CINCINNATI TRACTION CO. v. ANGIE S. CRAMER.

Decided, July 3, 1909.

*Grease and Oil on Street Railway Tracks at Much Used Crossing—Negligence of Company in so Smearing Its Rails—Verdict Giving Damages to an Injured Pedestrian Upheld.*

1. Where a street railway company admits placing grease and oil upon its rails at an intersection of two streets where great numbers of people are constantly crossing, and the testimony is to the effect that the grease was negligently applied and the rails smeared with it, the question of negligence on the part of the company ceases to be one of fact for the jury and becomes one of law for the court.

2. A verdict of $3,500 is not excessive, where the plaintiff is a woman who slipped on a rail so greased and suffered a miscarriage as a consequence of her fall.

*Outcalt & Hickenlooper*, for plaintiff in error.
*W. J. Davidson*, contra.

---

* Dismissed in Supreme Court by consent of parties at costs of plaintiff in error.

The defendant in error, while crossing the street at Sixth and Vine, fell and was so severely injured as to cause a miscarriage. In her petition for damages she alleged that the traction company had greased the rails on the curves in its tracks at that point, and that this had been done in a careless and negligent manner, and grease had been smeared over the rails in such a way as to make it dangerous for pedestrians to step upon them, and that it was the grease so placed that caused her to slip and fall. The jury gave her a verdict of $3,500.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

The admission in the answer of the defendant "that it is necessary to oil and grease said rails at curves," and the testimony of the plaintiff and the police officer as to the location, quantity and character of the grease warranted the inference that the defendant not only put it there, but did it in a negligent manner. These facts being once found no two persons of ordinary intelligence could disagree as to whether a reasonably prudent man, not in the ordinary course of events, but under the surrounding circumstances, would foresee that the acts done would be liable to cause damage or injury. It ceased to be a question of fact for the jury, and became one of law for the court. There was no intervening cause alleged or proved that required or rendered pertinent the instruction requested by the defendant after the general charge to the jury.

Judgment affirmed.